IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RENTON<br>Renton City Hall<br>1055 S. Grady Way<br>Renton, WA  98057<br><br>and<br><br>CITY OF VANCOUVER<br>210 East 13th Street<br>Vancouver, WA  98688<br><br>Defendants. | Civil Action<br><br>No. 2:11-cv-01156 |

**ANSWER TO DEFENDANT CITY OF RENTON COUNTERCLAIMS**

1

The United States answers the numbered paragraphs of defendant Renton's "Counterclaims for Declaratory Relief and Money Due and Owing" as follows. To the extent that an allegation is not expressly admitted below, the United States hereby denies that allegation.

40. Renton's allegations in paragraph 40 are denied except that the United States admits that it owns parcels of property, administered by Bonneville Power Administration, located in Renton, Washington.

41. The United States admits that federal jurisdiction for its complaint exists under 28 U.S.C. §§ 1331 and 1345. The United States denies it has waived sovereign immunity for the relief Renton seeks. The United States otherwise denies the allegations of Paragraph 41.

42. The United States admits that its complaint, but not Renton's counterclaims, is an appropriate action for declaratory judgment under 28 U.S.C. § 2201. The United States otherwise denies the allegations of Paragraph 42, including specifically denying the allegation that "Renton is suffering actual and continued harm by virtue of the actions of plaintiff."

43. Denied.

44. The United States is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 44.

45. Admitted.

46. Admitted.

7529526.4

## COUNT I

47. The United States incorporates its responses to Paragraphs 40 to 46 of defendant Renton's counterclaims.

48. Denied.

49. The United States admits that P.L. 111-378, 124 Stat. 4128, codified at 33 U.S.C. § 1323(c), was enacted on January 4, 2011. The United States otherwise denies the allegations of Paragraph 49, including specifically denying that 33 U.S.C. § 1323(c) has any retroactive application before January 4, 2011.

50. Admit except that the United States denies that the stormwater charges are "fees" because with respect to the United States they are taxes for which sovereign immunity has not been waived.

51. The United States admits Renton is required to comply with the Clean Water Act. The United States is without sufficient information or knowledge to form a belief as to the remaining allegations of paragraph 51.

52. The United States admits the allegations of Paragraph 52 except it denies that the stormwater charges are "fees" because with respect to the United States they are taxes for which sovereign immunity has not been waived, and the United States further denies that it is "subject to stormwater fees" however described at any time before January 4, 2011.

53. Denied.

54. Denied.

55.     The United States admits the first sentence of paragraph 55. The United States admits Renton is required to undertake control efforts to minimize pollution from stormwater discharged into the waters of the United States. The United States is without sufficient information or knowledge to form a belief as to the cost of the control efforts.

56.     The United States admits Renton imposes its stormwater fees to provide and maintain its separate stormwater system. The United States is without sufficient information or knowledge to form a belief as to the remaining allegations of paragraph 56 because Renton does not identify any specific benefit to the property at issue. The United States denies that it has voluntarily sought a service or benefit from Renton for stormwater services.

## COUNT II

57.     The United States incorporates its responses to Paragraphs 40 to 56 of defendant's counterclaims.

58.     Denied.

59.     Denied.

## COUNT III

60.     The United States incorporates its responses to Paragraphs 40 to 56 of defendant's counterclaims.

61.     The United States denies that the stormwater charges are "fees" because with respect to the United States they are taxes for which sovereign immunity has not been waived. The United States admits that it has not paid

stormwater charges billed to it by defendant City of Renton dating from July 30, 2009, to December 30, 2009, but denies that any such charged "amounts are now due, owing and unpaid to defendant Renton."

## COUNT IV

62.     The United States incorporates its responses to Paragraphs 40 to 56 of defendant's counterclaims.

63.     The United States denies that the stormwater charges are "fees" because with respect to the United States they are taxes for which sovereign immunity has not been waived.  The United States admits that it has not paid stormwater charges billed to it by defendant City of Renton dating from January 30, 2010, to June 30, 2010, but denies that any such charged "amounts are now due, owing and unpaid to defendant Renton."

## COUNT V

64.     The United States incorporates its responses to Paragraphs 40 to 56 of defendant's counterclaims.

65.     The United States denies that the stormwater charges are "fees" because with respect to the United States they are taxes for which sovereign immunity has not been waived.  The United States admits that it has not paid stormwater charges for the property referenced in this paragraph dating from July 30, 2010, to January 3, 2011, but denies that any such charged "amounts are now due, owing and unpaid to defendant Renton."

7529526.4

## COUNT VI

66   The United States incorporates its responses to Paragraphs 40 to 56 of defendant's counterclaims.

67.   The United States denies that the stormwater charges are "fees" because with respect to the United States they are taxes for which sovereign immunity has not been waived.  The United States denies that it owes to defendant any stormwater charges for the period of time from January 30, 2008, to June 30, 2009.  The United States admits that it has not paid stormwater charges billed to it by defendant City of Renton dating from July 1, 2009, to January 4, 2011, but denies that any such "amounts are now due, owing and unpaid to defendant Renton" and the United States further specifically denies that the charges alleged in this paragraph were ever timely "billed" by Renton.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations of defendant City of Renton's counterclaims, the United States as counterclaim defendant respectfully prays as follows:

   A.   For judgment in its favor, denying the relief sought in the counterclaims and dismissing the counterclaims with prejudice;

B. For such other and further relief as the court may deem to be just and appropriate.

Date: October 24, 2011

        Respectfully submitted,

        JENNY A. DURKIN
        United States Attorney

        JOHN A. DICICCO
        Principal Deputy Assistant Attorney General
        Tax Division

        BRIAN C. KIPNIS
        Assistant United States Attorney
        5220 United States Courthouse
        700 Stewart Street
        Seattle, WA  98101
        Tel:  (206) 553-7970
        Fax:  (206) 553-4073
        Email:  Brian.Kipnis@usdoj.gov

        /s/ Jonathan D. Carroll
        JONATHAN D. CARROLL
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Ben Franklin Station
        Washington, D.C.  20044
        Tel:  (202) 307-6669
        Fax:  (202) 514-6866
        Email:  Jonathan.D.Carroll@usdoj.gov

7529526.4