Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RENTON<br>Renton City Hall<br>1055 S. Grady Way<br>Renton, WA 98057<br><br>and<br><br>CITY OF VANCOUVER<br>210 East 13th Street<br>Vancouver, WA 98668<br><br>Defendants. | Civil Action<br><br>No. 2:11-CV-01156 JLR<br><br>DEFENDANTS' MOTION FOR<br>PARTIAL SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR**:<br><br>**March 2, 2012**<br><br>ORAL ARGUMENT REQUESTED |

## I. RELIEF REQUESTED

COMES NOW defendants, City of Renton, and City of Vancouver, and move the court for an order of partial summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that no material issue of fact exists as to the effect of the Stormwater Amendment, S. 3841, U.S.C. § 1323(c), subtitled "An Act to amend the Federal Water Pollution Control Act to clarify Federal responsibility for stormwater pollution" and its effect upon the Clean Water Act's waiver of sovereign immunity. The Stormwater Amendment clarifies that the United States of America

Defendants' Motion for Partial Summary Judgment - 1
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

is responsible for paying local governmental entities for "reasonable service charges," imposed in connection with stormwater management programs to reduce or prevent harmful contaminants and pollution from entering the streams, rivers, lakes and waterways of the United States.

Defendants respectfully request this Court to enter an order of partial summary judgment that (1) Congress through the Clean Water Act expressly waived sovereign immunity prior to January 4, 2011, to permit local governmental entities to impose "reasonable service charges" against the United States in conjunction with stormwater management programs; (2) that the Stormwater Amendment clarified the intent of Congress's waiver of sovereign immunity in the Clean Water Act to make the federal government and its departments and agencies responsible for paying its fair share of costs incurred by local governments to meet the requirements of the Clean Water Act; and (3) the Stormwater Amendment's clarifying effect upon the Clean Water Act confirmed Congress's intent to waive sovereign immunity for "reasonable service charges" imposed by defendants against plaintiff prior to January 4, 2011.

This matter is appropriate for summary judgment as each issue addresses statutory construction and legislative intent.

## II. STATEMENT OF FACTS

The Bonneville Power Administration (BPA), an agency of plaintiff, administers properties owned by the United States in Renton and Vancouver. Plaintiff's properties are served by defendants' respective municipal separate storm sewer systems. BPA paid the City of Vancouver for its stormwater fees from January 1, 1995 through January 2010. (*See, Affidavit of Brian Carlson,* ¶ 5.) Likewise, BPA paid the City of Renton its stormwater fees

Defendants' Motion for Partial Summary Judgment - 2
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

until July 30, 2009. (*See,* Affidavit of Gregg Zimmerman, ¶ 4.) BPA ceased payments of its stormwater fees to defendants claiming sovereign immunity. (*See,* Affidavit of Gregg Zimmerman, ¶ 4, and Affidavit of Brian Carlson, ¶ 6.) Following enactment of the Stormwater Amendment on January 4, 2011, BPA recommenced payments of stormwater fees to both Renton and Vancouver. (*See,* Affidavit of Brian Carlson, ¶ 7 and Affidavit of Gregg Zimmerman, ¶ 4.) Plaintiff continues to claim sovereign immunity for defendants' stormwater fees imposed prior to January 4, 2011. (*See,* Complaint for Declaratory Relief and Refund, Case No. 2:11-cv-01156 JLR, Document 1, paragraphs 1 and 24, pp. 1 and 4, filed 7/12/2011.)

The City of Renton and the City of Vancouver have respectively operated municipal separate storm sewer systems since 1987 and 1995. Renton's and Vancouver's systems are to comply with National Pollution Discharge Elimination System (NPDES) requirements. The Washington State Department of Ecology, in accordance with regulations of and pursuant to authority delegated by the United States Environmental Protection Agency (EPA) as required by the Clean Water Act, 33 U.S.C. §1342(p)(3)(B), regulated the defendants' compliance with NPDES. Both Renton and Vancouver have received NPDES permits for their municipal separate storm sewer systems. (*See,* Affidavit of Gregg Zimmerman, ¶ 2 and 3 and Affidavit of Brian Carlson, ¶ 3.)

The United States has admitted that defendants' systems are regulated by NPDES permits issued by the Washington State Department of Ecology. (*See,* paragraphs 51 and 55, pp. 3-4, United States of America's Answer to Counterclaim by City of Renton and paragraphs 51 and 55, pp. 3-4, United States of America's Answer to Counterclaim by City of Vancouver, Case 2:11-cv-01156 JLR, Documents 13 and14, filed 10/24/11.)

Defendants' Motion for Partial Summary Judgment - 3
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

The rates charged by Renton and Vancouver are based upon square footage of impervious surface. Defendants' rates are uniform for each class of users. (*See,* Affidavit of Gregg Zimmerman, ¶ 4 and Affidavit of Brian Carlson, ¶ 3.) The United States has admitted that Renton's and Vancouver's stormwater fees are imposed to provide and maintain their separate stormwater systems. (*See,* paragraph 56, p. 4, United States of America's Answer to Counterclaim by City of Renton and paragraph 56, p. 4, United States of America's Answer to Counterclaim by City of Vancouver, Case 2:11-cv-01156 JLR, Documents 13 and 14, filed 10/24/11, page 4).

### III. STATEMENT OF ISSUES

1. Did Congress through the Clean Water Act waive the sovereign immunity of the United States of America to subject federal departments and agencies to payment of "reasonable service charges" imposed by local governments for the control and abatement of water pollution?

2. In the Stormwater Amendment, did Congress intend to clarify its waiver of sovereign immunity in the Clean Water Act that made federal departments and agencies responsible for payment of "reasonable service charges?"

3. Based upon the waiver of sovereign immunity for "reasonable service charges" in the Clean Water Act and the subsequent clarification provided by Congress in the Stormwater Amendment, is plaintiff responsible for payment of defendants' stormwater management fees imposed prior to January 4, 2011?

//

//

//

//

//

Defendants' Motion for Partial Summary Judgment - 4
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

## IV. EVIDENCE RELIED UPON

1. Affidavit of Gregg Zimmerman in Support of Defendants' Motion for Partial Summary Judgment;

2. Affidavit of Brian Carlson in Support of Defendants' Motion for Partial Summary Judgment; and

3. The records and files herein.

## IV. ARGUMENT AND AUTHORITIES

**1. Did Congress through the Clean Water Act waive the sovereign immunity of the United States to subject federal departments and agencies to payment of "reasonable service charges" imposed by local governments for the control and abatement of water pollution?**

"Waivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text." *United States v. Idaho*, 508 U.S. 1, 6 (1993). In *United States v. Idaho*, the Court also cautioned that just as courts should not "extend the waiver beyond that which Congress intended" courts should not "assume the authority to narrow the waiver that Congress intended." 508 U.S. at 7.

In this action, it is for this Court to determine as a matter of law whether Congress waived the sovereign immunity of the United States in the Clean Water Act, so that "reasonable service charges" imposed by local governments for the control and abatement of water pollution must be paid by plaintiff and its departments and agencies.

Only when Congress affirmatively declares that the federal government's instrumentalities or property are subject to state regulation, and such declaration is made in a manner which is clear and unambiguous, then the federal government will be subject to such regulation and related charges. *Hancock v. Train,* 426 U.S. 167, 178-179 (1976) (Legislatively

Defendants' Motion for Partial Summary Judgment - 5
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

superseded by the 1977 amendment to the Clean Water Act). In this case, the Clean Water Act of 1977 clearly and unambiguously waived sovereign immunity for "reasonable service charges," stating in paragraph (a):

> § 313. <u>Each department, agency,</u> or instrumentality of the executive, legislative, and judicial branches <u>of the Federal Government (1) having jurisdiction over any property or facility</u>, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, <u>shall be subject to, and comply with, all</u> Federal, State, interstate, and <u>local requirements</u>, administrative authority, and process and sanctions <u>respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges</u>. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. <u>This subsection shall apply notwithstanding any immunity of such agencies</u>, officers, agents, or employees <u>under any law or rule of law.</u>

amended P.L. 95-217, §§ 60, 61(a), 91 Stat. 1597, 1598, 33 U.S.C. § 1323(a) (emphasis added). The waiver of sovereign immunity in the Clean Water Act requires the federal government to pay defendants' stormwater charges like any private entity.

Congress amended the Clean Water Act and the Clean Air Act in response to the decisions of the United States Supreme Court in *Hancock v. Train*, 426 U.S. 167 (1976), and *EPA v. California ex rel. State Water Res. Control Bd.*, 426 U.S. 200 (1976). In response to the United States Supreme Court decisions in Hancock and EPA, Congress stated that:

> The act has been amended to indicate <u>unequivocally</u> that all Federal facilities and activities are subject to all of the provisions of State and local pollution laws. <u>Though this was the intent of the Congress in passing the 1972 Federal Water Pollution Control Act Amendments, the Supreme Court, encouraged by Federal agencies, has misconstrued the original intent.</u> Since the substantive requirements of the act and of State and local law would be unenforceable unless procedural provisions were also met, Section 313 is amended to specify that, as in the case of

Defendants' Motion for Partial Summary Judgment - 6
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

air pollution, a Federal facility is subject to any Federal, State, and local requirement respecting the control or abatement of water pollution, both substantive and procedural, to the same extent as any person is subject to these requirements. This includes, but is not limited to, requirements to obtain operating and construction permits ... <u>and the payment of reasonable service charges</u>.

S. Rep. No. 370, 95th Cong., 1st Sess. 67, *reprinted in* 1977 U.S. Code Cong. & Admin. News 4326, 4392 (emphasis added).

Congress made an explicit, expansive waiver of sovereign immunity for reasonable service charges in 1977, which no court has deemed unclear or ambiguous for over three decades. In sum, Congress through the Clean Water Act waived the sovereign immunity of the United States, thus subjecting plaintiff's departments and agencies to payment of "reasonable service charges" imposed by local governments to meet the requirements of the Act.

**2. In the Stormwater Amendment, did Congress intend to clarify its waiver of sovereign immunity in the Clean Water Act that made federal departments and agencies responsible for payment of "reasonable service charges?"**

As a result of some federal agencies disputing their responsibility to pay reasonable service charges for stormwater management fees, Congress passed the Stormwater Amendment, S. 3841, "*An Act to amend the Federal Water Pollution Control Act to clarify Federal responsibility for stormwater pollution.*" *See,* 33 U.S.C. § 1323(c). The Stormwater Amendment was signed by President Barack Obama on January 4, 2011.

This Act amended § 313 of the Federal Water Pollution Control Act (33 U.S.C. 1323) by adding subsection (c):

**Section 1. Federal Responsibility To Pay For Stormwater Programs.**
Section 313 of the Federal Water Pollution Control Act (33 U.S.C. 1323) is amended by adding at the end the following:

Defendants' Motion for Partial Summary Judgment - 7
( No. 2:11-cv-01156 JLR)

> (c) REASONABLE SERVICE CHARGES.—
> (1) IN GENERAL.—For the purposes of this Act, reasonable service charges described in subsection (a) include any reasonable nondiscriminatory fee, charge, or assessment that is—
>     (A) based on some fair approximation of the proportionate contribution of the property or facility to stormwater pollution (in terms of quantities of pollutants, or volume or rate of stormwater discharge or runoff from the property or facility); and
>     (B) used to pay or reimburse the costs associated with any stormwater management program (whether associated with a separate storm sewer system or a sewer system that manages a combination of stormwater and sanitary waste), including the full range of programmatic and structural costs attributable to collecting stormwater, reducing pollutants in stormwater, and reducing the volume and rate of stormwater discharge, regardless of whether that reasonable fee, charge, or assessment is denominated a tax.

P.L. 111-378, § 1, 124 Stat. 4128. Consistent with its function as a clarification of existing law, the Stormwater Amendment contains no new waiver of sovereign immunity. The Stormwater Amendment simply references the existing statutory obligation to pay reasonable service charges under 33 U.S.C. 1323(a), and then codifies already existing case law defining "reasonable services charges" as the three prongs of the test stated in *Massachusetts v. United States,* 435 U.S. 444, 464 (1978): (1) "nondiscriminatory;" (2) "fair approximation;" and (3) "revenues to recoup costs."

The legislative history of the Stormwater Amendment repeatedly refers to its function as a clarifying amendment. Its title states that it intends to "clarify" federal responsibility for reasonable service charges related to control of water pollution from stormwater. When Senator Ben Cardin introduced the bill in 2010, he stated:

> I continue to have grave concerns about the failure of the Federal Government to pay localities for reasonable costs associated with the control and abatement of pollution that is originating on its properties.

\*\*\*

Defendants' Motion for Partial Summary Judgment - 8
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 \* Fax: (360) 487-8501

> I believe that this administration recognizes its responsibility to manage the stormwater pollution that comes off Federal properties. But that responsibility needs to translate into payments to the local governments that are forced to deal with this pollution. That commitment needs to be more than an Executive Order. Adopting the legislation that I am introducing today will <u>remove all ambiguity</u> about the responsibility of the Federal Government to pay these normal and customary stormwater fees.

156 Cong. Rec. S4855-S4856 (daily ed. June 10, 2010) (emphasis added). After the Senate's passage of the Stormwater Amendment, Senator Cardin again explained the purpose of the amendment in similar terms:

> [T]oday the Congress stands ready to approve S. 3481, a bill to <u>clarify</u> Federal responsibility to pay for stormwater pollution. This legislation, which will soon become law, requires the Federal government to pay localities for reasonable costs associated with the control and abatement of pollution that is originating on its properties. At stake is a fundamental issue of equity: polluters should be financially responsible for the pollution that they cause. That includes the Federal Government.

156 Cong. Rec. S11,023 (daily ed. Dec. 22, 2010) (emphasis added).

Senator Cardin has asserted a consistent, public, and unambiguous articulation of the intended purpose and effect of the Stormwater Amendment: that Congress intended the Stormwater Amendment to clarify the obligation for payment of stormwater assessments by the federal Government. Because he is the sponsor of the bill, Senator Cardin's opinion must be given great weight. (*See, N.L.R.B. v. Fruit & Vegetable Packers, Local 760,* 377 U.S. 58, 66 (1964) ("It is the sponsors that we look to when the meaning of the statutory words is in doubt.") and *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989) (rely on stated understanding of "the principal sponsor of the Senate bill" in interpreting a statute).

The legislative history in the Congressional Record leaves no doubt about the intent of Senator Cardin, and ultimately, Congress, that "[t]his legislation [Stormwater

Defendants' Motion for Partial Summary Judgment - 9
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

Amendment]…requires the Federal government to pay localities for reasonable costs associated with the control and abatement of pollution that is originating on [Federal] properties. At stake is a fundamental issue of equity: polluters should be financially responsible for the pollution that they cause. That includes the Federal Government."

> **3. Based upon the waiver of sovereign immunity for "reasonable service charges" in the Clean Water Act and the subsequent clarification provided by Congress in the Stormwater Amendment, is plaintiff responsible for payment of defendants' stormwater management fees imposed prior to January 4, 2011?**

Enactment of the Stormwater Amendment has legal implications beyond the effect of forcing the BPA to pay its current stormwater bills. Because it is an Act that "clarifies" existing law, it means that the plaintiff had a pre-existing obligation to pay its stormwater bills incurred before January 4, 2011, when the Stormwater Amendment was signed into law by President Obama.

The U.S. District Court for the Western District of Washington, has previously identified two factors in determining whether an amendment clarifies or whether it enacts substantive law: (1) whether statutory language is ambiguous and therefore in need of clarification, and (2) whether Congress declared its intent to clarify. *Fishing Co. v. United States*, 195 F. Supp. 2d 1239, 1255 (2002) (W.D. Wa.). The Stormwater Amendment is a clarification of existing law: (1) its sponsor's intent was to "remove all ambiguity;" and (2) Congress declares its intent to clarify.

"The Ninth Circuit has consistently stated that when an amendment is a clarification, rather than an alteration of existing law, then it should be used in interpreting the provision in

Defendants' Motion for Partial Summary Judgment - 10
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

question" as if it had always been so clarified. *United States v. Sanders*, 67 F.3d 855, 856 (9th Cir. 1995). An amendment that enacts new substantive law should not be applied retroactively, but already existing laws that are merely clarified in essence already existed and should be so applied. *Fishing Co. v. United States*, 195 F. Supp. 2d 1239, 1255 (2002) (W.D. Wa.); *Beverly Community Hosp. Ass'n v. Belshe,* 132 F.3d 1259, 1265 (9th Cir. 1997).

The fact that the Stormwater Amendment is a clarification of existing law must be considered in light of the undisputed facts that defendants' stormwater programs have been in place since 1987 and 1995 and that the BPA is currently paying its stormwater bills to Renton and Vancouver. The Clean Water Act of 1977 was already in existence, including the language waiving sovereign immunity. The Stormwater Amendment merely clarified what already existed, and therefore it should be so applied to clarify the waiver of sovereign immunity in the Clean Water Act.

The Court should rule as a matter of law that the Stormwater Amendment clarified existing law. As a result, plaintiff is required to pay its stormwater fees incurred before January 4, 2011 to each defendant.

## IV. CONCLUSION

Defendants respectfully request that this Court grant partial summary judgment that (1) the Clean Water Act waived the sovereign immunity of the United States of America to subject federal departments and agencies to payment of "reasonable service charges" imposed by local governments for the control and abatement of water pollution; (2) that the Stormwater Amendment clarified the waiver of sovereign immunity in the Clean Water Act that made federal departments and agencies responsible for payment of "reasonable service charges," and

Defendants' Motion for Partial Summary Judgment - 11
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

(3) based upon the waiver of sovereign immunity for "reasonable service charges" in the Clean Water Act and the subsequent clarification provided by Congress in the Stormwater Amendment, the plaintiff is responsible for payment of defendants' stormwater management fees imposed prior to January 4, 2011.

RESPECTFULLY SUBMITTED this 7th day of February, 2012.

TED H. GATHE
Vancouver City Attorney

By: /s/ Linda A. Marousek
   LINDA A. MAROUSEK, WSBA No. 12045
   Assistant City Attorney
   415 W. 6th Street
   Vancouver, WA 98668-1995
   Telephone: (360) 487-8500
   Facsimile: (360) 487-8501
   E-mail: linda.marousek@cityofvancouver.us
   Attorney for the City of Vancouver

LAWRENCE J. WARREN
Renton City Attorney

By: /s/ Mark Barber
    /s/ Garmon Newsom II
By: MARK BARBER, WSBA No. 8379
    Senior Assistant City Attorney
    GARMON NEWSOM II, WSBA No. 31418
    Assistant City Attorney
    City of Renton
    100 S. 2nd St.
    P.O. Box 626
    Renton, WA 98057-0626
    Telephone: (425) 430-6485
    Facsimile: (425) 430-6498
    E-mail: mbarber@rentonwa.gov
    E-mail: gnewsom@rentonwa.gov
    Attorneys for the City of Renton

Defendants' Motion for Partial Summary Judgment - 12
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual(s):

DATED this 7th day of February, 2012.

For the United States:

Jenny A. Durkin
United States Attorney

John A. Dicicco
Principal Deputy Assistant
Attorney General
Tax Division

Jonathan D. Carroll
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Email: Jonathan.D.Carroll@usdoj.gov

Brian C. Kipnis
Assistant United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, WA 98101
Email: Brian.Kipnis@usdoj.gov

Jonathan D. Carroll
Joseph E. Hunsader
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-6669 (202)
Fax: (202) 514-6866
Email: Jonathan.D.Carroll@usdoj.gov
Email: Joseph E. Hunsader@usdoj.gov

For the City of Vancouver:

Linda A. Marousek
Assistant City Attorney
City of Vancouver
415 West 6th Street
Vancouver, WA 98660
Tel: (360) 487-8500
Fax: (360) 487-8501
Email: Linda.marousek@cityofvancouver.us

For the City of Renton:

By: /s/ Mark Barber
By: MARK BARBER, WSBA No. 8379
Senior Assistant City Attorney
GARMON NEWSOM II, WSBA No. 31418
Assistant City Attorney
City of Renton
100 S. 2nd St./ P.O. Box 626
Renton, WA 98057-0626
Tel. (425) 430-6485
Fax: (425) 430-6498
E-mail: mbarber@rentonwa.gov
E-mail: gnewsom@rentonwa.gov
Attorneys for the City of Renton

Defendants' Motion for Partial Summary Judgment - 13
( No. 2:11-cv-01156 JLR)

TED H. GATHE
CITY ATTORNEY
415 W. 6th STREET
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501