The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | |
| CITY OF RENTON | ) | No. 2:11-cv-01156 |
| Renton City Hall | ) | |
| 1055 S. Grady Way | ) | |
| Renton, WA 98057 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF VANCOUVER | ) | |
| 210 East 13th Street | ) | |
| Vancouver, WA 98688 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' REPLY IN SUPPORT OF CONDITIONAL MOTION UNDER FED.R.CIV.P. 56(d) TO DEFER RULING ON THE CITIES' MOTION FOR PARTIAL SUMMARY JUDGMENT IN ORDER TO CONDUCT DISCOVERY**
(Note on Motion Calendar for April 20, 2012)

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 1

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

**INTRODUCTION**

The United States' Rule 56(d) motion is conditional. The Court need only reach the United States' motion if the Court determines – contrary to the United States' contentions – that the United States has not introduced sufficient evidence to create a genuine issue of disputed fact that defeats the Cities' partial summary judgment motion.

The Cities' Rule 56(d) responses actually reinforce that the United States has more than adequately opposed their joint motion. And Vancouver and Renton both state that their summary judgment motion raises "purely legal issues." Vancouver Resp., p. 2 (PACER #39); Renton Resp., p. 1 (PACER #37). Given that the Cities state that only questions of law are at issue, not only should the Court deny the Cities' motion, the Court may and should grant the United States partial summary judgment that: (1) the 2011 amendment is **not** retroactive; and (2) prior to the 2011 amendment, the Cities' stormwater charges did **not** qualify as "reasonable service charges" for which sovereign immunity had been waived.

**ARGUMENT**

**I.   The United States' conditional motion satisfies Rule 56(d)**

A party moving under Fed.R.Civ.P. 56(d) must satisfy three elements: (1) the party must set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought must exist; and (3) these facts must be essential to oppose summary judgment. *Family Home & Finance Center v. Federal Home Loan*

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 2

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

*Mortgage Corp.,* 525 F.3d 822, 827 (9th Cir. 2008); *Doyle v. City of Medford,* 327 Fed.Appx. 702, 703, 2009 WL 1186910 at **1 (9th Cir. 2009).

Were the Court to determine that the United States has not sufficiently opposed the Cities' summary judgment motion, then further discovery upon certain facts/issues set forth in the United States' Rule 56(d) motion would be "essential." See United States' Conditional Motion, pp. 2-3 (PACER #30). The United States has set forth in affidavit form the specific discovery it seeks. See Carroll Dec., ¶¶ 3-5 (PACER #31). There is no dispute that the facts sought via discovery do exist. The United States has satisfied Rule 56(d). See *Family Home & Finance Center, supra.*

Renton asserts in a conclusory fashion that the facts/issues identified in the United States motion are not essential, but provides no supporting analysis. E.g., Renton Resp., pp. 1, 3. Although Vancouver attempts to address the identified facts/issues, see Vancouver Resp., pp. 3-7, it improperly also reargues its summary judgment motion. See Vancouver Resp., p. 3 (citing wrong legal standard for retroactivity where sovereign immunity at issue). See United States' Memo. Opp. to Defs' Motion for Partial Summ. Judg., p. 19 (PACER #25).

### A. Whether the Cities provided a stormwater "service" to BPA before the 2011 amendment

The first essential issue is whether the Cities, prior to 2011, provided BPA a "service." As the Court is aware, Clean Water Act section 313 included a waiver of sovereign immunity for "reasonable service charges" that the Supreme Court

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 3

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

plausibly interpreted as including only "charges for performing a service" for the federal facility. *E.P.A. v. California,* 426 U.S. 200, 217 & n.30 (1976).

The United States has introduced undisputed facts showing that neither city provided a "service" to BPA's facilities. *E.g.,* Rhoads Dec., ¶¶ 3-8 (PACER #29); Campbell Dec., ¶¶ 4-7 (PACER #28). Vancouver attempts a diversion by saying that the Cities have some stormwater culverts, catch basins (i.e., street storm drains), and pipes nearby to BPA's facilities. Vancouver Resp., p. 4 (citing Zimmerman and Carlson declarations). But Vancouver implicitly admits that its stormwater charges bear no relation the costs of any of its drains, culverts, pipes, etc., nearby to BPA's local facility. Vancouver Resp., p. 5 & n.2 (charges pay for, *inter alia*, the cost of "street sweeping . . . tree retention" and Vancouver's separate 20% City tax). Nevertheless, should the Court consider Vancouver's nearby drains, culverts, and pipes to be legally significant, the United States seeks discovery precisely to show that the Cities' stormwater charges far exceed any cost related to any of these specific nearby municipal stormwater facilities. See Carroll Dec., ¶ 3, p. 3.[1]

To the extent the Cities are fulfilling their municipal obligations under federal law as they claim, see Vancouver Resp., pp. 4-5, that separately shows that their

---

[1] As a startling example, Renton has billed BPA over $1,300/month for its alleged stormwater "services" to BPA's Maple Valley Substation. But the only relevant Renton stormwater facilities nearby to BPA's property are the six culverts crossing under a road to the northeast of Maple Valley Substation. See Zimmerman Dec., ¶4 & Ex. A (PACER #18). (The other nearby Renton stormwater drains, pipes, etc. shown on the Zimmerman exhibit collect stormwater from a nearby subdivision, but not from BPA's Maple Valley Substation.) Maintaining a few culverts does not cost Renton $1,300/month.

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 4

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

stormwater charges are a tax, and not a specific "service" to the BPA facilities for which sovereign immunity has been waived. *E.g., Novato Fire Protection District v. United States,* 181 F.3d 1135, 1139 (9th Cir. 1999) (charges that fund municipal core government activities that provide community-wide benefits are a tax); *United States v. City of Huntington, W.Va.,* 999 F.2d 71, 73-74 (4th Cir. 1993).

Finally, Vancouver emphasizes that BPA has paid stormwater charges accruing **after** the 2011 amendment. Vancouver Resp., p. 4. But BPA's payments after the 2011 amendment do not say anything about whether the Cities had previously provided a "service" as defined by CWA section 313 before its January 4, 2011, amendment. In addition, the Cities' estoppel argument based upon BPA payments is an affirmative defense that the Cities must establish. See Vancouver and Renton Answers, "Affirmative Defenses," ¶¶ 37-38 (PACER ##9, 10). This affirmative defense fails as a matter of law. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 419-20, 426-28, 434 (1990); *Novato Fire Protection District,* 181 F.3d at 1141 (Ninth Circuit holding that no estoppel or waiver of federal sovereign immunity even though Navy had voluntarily paid local government fire protection fee for 20 years).

### B. Whether the Cities' stormwater charges are "nondiscriminatory" as required under the 2011 amendment

Were the Court to reject the United States' contentions and determine that the 2011 amendment is retroactive in general, the United States contends that sovereign immunity still would not be waived for the Cities' stormwater charges because each of the Cities' stormwater rate structures is discriminatory on its face. VMC §

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 5

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

14.09.060(B), (C), & (E); RMC § 8-2-3(E)(1)(g) & (i).  Discovery regarding the Cities' admitted discrimination would be "essential" under Rule 56(d).

Renton does not attempt to justify its discriminatory rate structure.  Vancouver admits that it discriminates in favor of its own impervious street acreage, but says that discrimination is required by State law.  Vancouver Resp., pp. 6-7 & nn. 4, 5.  That answer is irrelevant under the 2011 amendment.  The 2011 amendment does not make an exception for any discrimination, even if required by State law.  33 U.S.C. § 1323(c) (2011).

Vancouver otherwise again resorts to BPA's payments after the 2011 amendment, Vancouver Resp., p., 6, but those payments are not a concession that Vancouver's charges are "nondiscriminatory" under the 2011 amendment.  BPA is paying the newly accruing chares only as it continues to negotiate over the charged rates to ensure that, as applied, the rates are reasonable and nondiscriminatory.

But the larger point is that if the Court determines that the United States has not to date sufficiently shown that the Cities' stormwater rate structures are discriminatory, the United States seeks discovery to prove that is the case.  See Carroll Dec., ¶ 4.

**C.     Whether the Cities' stormwater charges are a tax under federal law**

The Cities assert that whether their charges are a tax is "not before the Court." Vancouver Resp., p. 7; see Renton Resp., p. 3.  This confirms the United States' understanding that the Cities' motion necessarily assumes that the stormwater charges are a tax.  See United States' Memo. Opp. to Defs' Motion for Partial Summ. Judg., p. 1

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR)  Page  6

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

(PACER #25). Given the Cities' concession, it appears that further discovery on this issue is not needed for purposes of opposing the Cities' motion.

## II. Renton's tangential challenges to the United States' Rule 56(d) motion fail

Other than making conclusory denials, Renton does not substantively challenge the three primary requirements for Rule 56(d) stated by the Ninth Circuit in *Family Home & Finance Center*. (See above, pp. 2-3). Instead, Renton attempts to exploit certain subsidiary factors relevant for Rule 56(d). See Renton Resp., pp. 5-8 (citing *Singley v. AACRES/ALLVEST, LLC,* 2010 WL 2990886 at *4 (W.D. Wash. 2010)). Renton's attempt fails. For example, Renton cannot dispute that the Cities' summary judgment motion was filed early in the litigation. *See Singley,* 2010 WL 2990886 at *4. Renton complains that the United States could have issued its discovery sooner, but that is not required under Rule 56(d). Renton Resp., p. 6. Renton also ignores that the United States pursued informal discovery last fall. Renton acknowledges that the Cities were initially in favor of foregoing formal discovery. Renton Resp., p. 7; Joint Status Report, ¶ 5(D) (PACER #15).[2]

Renton asserts that no complicated facts are to be found in this matter. Renton Resp., pp. 6-7. Renton is just wrong. Were the Court to reject the United States' contentions, complicated facts within the Cities' exclusive knowledge would arise. E.g., Carroll Dec., ¶¶ 3-4 (seeking discovery regarding (a) how much the Cities

---

[2] Last year the Cities offered to draft a proposed set of stipulated facts to be used in lieu of formal discovery, but never followed through. The Cities then pre-emptively filed for partial summary judgment based upon their view of certain purported facts.

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 7

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

actually spend on any specific "service(s)" allegedly provided to BPA; (b) showing the Cities' facial discrimination, as applied, is material).

Finally, Renton makes the outlandish claim that the United States does not have discovery currently pending to the Cities. Renton Resp., pp. 7-8. The United States' first set of document requests, interrogatories, and requests for admission were served by mail on the Cities on March 21. Carroll Dec., ¶ 6. Renton's demand for quicker service of the United States' discovery, Renton Resp., p. 8, is particularly misguided because the United States had earlier agreed that the Cities would have substantial additional time to respond to its discovery. See Stipulation Resetting Briefing Schedule, ¶ 4 (Feb. 23, 2012; PACER #22) (Order adopting stipulation that no party required to respond to discovery until May 15). This delayed date for discovery responses was agreed to so that responding to discovery would not interfere with summary judgment briefing obligations.

## CONCLUSION

The Court need not reach the United States' conditional motion. Instead, the Court should deny the Cities' partial summary judgment motion and grant the United States judgment on the issues that the Cities say are exclusively legal.

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 8

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

Dated: April 20, 2012          Respectfully submitted,

JENNY A. DURKAN
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

BRIAN C. KIPNIS
Assistant United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, WA 98101
Tel: (206) 553-7970
Fax: (206) 553-4073
Email: Brian.Kipnis@usdoj.gov

/s/ Jonathan D. Carroll
JONATHAN D. CARROLL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel: (202) 307-6669
Fax: (202) 514-6866
Email: Jonathan.D.Carroll@usdoj.gov

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 9

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' REPLY IN SUPPORT OF CONDITIONAL MOTION UNDER FED.R.CIV.P. 56(d) TO DEFER RULING ON THE CITIES' MOTION FOR PARTIAL SUMMARY JUDGMENT IN ORDER TO CONDUCT DISCOVERY has been made this 20th day of April, 2012, to counsel of record listed as being served by the Court's ECF system.

    /s/ Jonathan D. Carroll
JONATHAN D. CARROLL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6669
Jonathan.D.Carroll@usdoj.gov

United States' Reply re: Conditional Motion
Under Fed. R. Civ. P. 56(d) to Conduct Discovery
(No. 2:11-cv-01156-JLR) Page 10

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227, Washington DC 20044
(202) 307-6669

8356119.1